UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>Petitioner,<br><br>v.<br><br>BRANDON PRICE,<br><br>Respondent. | No. 2:20-cv-0333-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner proceeds pro se and is civilly committed at Coalinga State Hospital. He has filed an application to proceed in forma pauperis (ECF No. 5) which makes the required showing and will be granted. However, for the reasons stated below his habeas petition must be dismissed.

I. <u>Legal Standards</u>

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////
/////
/////

1

II. <u>Analysis</u>

The petition (ECF No. 1) is difficult to follow. As best the court can tell, it identifies four grounds for relief and seeks $50,000,000[1] and "release." ECF No. 1 at 15. As discussed below, none of the grounds for relief articulate a substantive legal basis for federal habeas relief and ground one appears to be successive.[2] The court recommends that the petition be dismissed without leave to amend, as such leave appears to be futile.

In ground one, petitioner contends that the lies of psychiatrists "over the last 15 years" have played a role in his "long, unlawful incarceration." ECF No. 1 at 5. To the extent that ground one is a challenge to his 2008 conviction, entered twelve years ago in the Sacramento County Superior Court, the petition is successive, *see Townsend v. Atascadero State Hospital*, No. 2:11-cv-2058-GGH (E.D. Cal.), and cannot be entertained by this court unless the Ninth Circuit authorizes it to go forward. 28 U.S.C. § 2244(b)(3)(A). Moreover, none of the alleged facts make much sense or come close to demonstrating a possible constitutional violation. *See, e.g.,* ECF No. 1 at 5 (alleging that psychiatrist said petitioner "had threatened to kill [his] drill-sergeant when no one ever knew [he] was in the military.").

In ground two, petitioner states that he was deemed a "mentally disordered offender" and civilly committed in 2012, and in ground three, he seems to vaguely challenge a decision of an appellate court. *Id.* at 7-8. To the extent these grounds for relief are intended to challenge his commitment as a "mentally disordered offender," Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts precludes him from doing so. The Rule provides that "a petitioner who seeks relief from judgments of more than one state court must file a separate

---

[1] To the extent that petitioner attempts to challenge the conditions of his confinement, or seeks monetary damages for same, he must pursue such claims through a civil rights complaint under 42 U.S.C. § 1983.

[2] A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

petition covering the judgment or judgments of each court." Since petitioner's first ground for relief appears tied to his 2008 conviction, he may not also pursue his 2012 designation as a "mentally disordered offender" through this action. Even assuming he could so proceed, he would not be entitled to any relief. The grounds for relief read as long, unfocused ramblings, and do not specify any legal or factual bases for relief. *See, e.g.,* ECF No. 1 at 7 (Ground Two alleging his psychiatrist had "lay in wait" for him); *id.* at 8 (Ground Three alleging that he was "wrongfully [ ] set-up and labelled as a 'mentally disordered offender,' [which] is a complete and utterly conceived fraud.").

In ground four, petitioner states that he is subject to a court order requiring that he be permanently placed on psychiatric medication. ECF No. 1 at 10. Courts have previously informed petitioner that if he wishes to challenge court-ordered involuntary medication, his remedy may be to challenge the order in the court where the order requiring involuntary medication was issued. *See Townsend v. King*, No. 2:15-cv-1878-KJN (E.D. Cal. Mar. 5, 2019), ECF No. 17 at 1-2; *Mendoza v. Gill*, 1:14-cv-0098-AWI-GSA (E.D. Cal. Sept. 2, 2014), ECF No. 6 at 3.

III.  Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED; and
2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 9, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE